IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:14-cr-409 |
| ) | Civil Action No. 1:16-cv-844 |
| CARLOS VICTOR GALDAMEZ TORRES ) | |

## MEMORANDUM OPINION

On January 15, 2015, defendant pled guilty to one count of illegal reentry after removal subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). On April 17, 2015, defendant was sentenced to a term of 30 months' imprisonment. Defendant's proper sentence was adjudged, in part, by reference to United States Sentencing Guideline ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii). Almost two years later, defendant, proceeding *pro se*, has filed a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct the sentence imposed on him two years ago on the ground that the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), entitles him to resentencing. Defendant asserts that *Johnson* operates to invalidate defendant's sentence enhancement calculated pursuant to U.S.G.G. § 2L1.2(b)(1)(A)(ii). The government disagrees, contending that defendant's motion is barred as untimely, and that in any event, the Supreme Court's decision in *Johnson* is inapposite in the context of § 2L1.2(b)(1)(A)(ii).

Because the matter has been fully briefed and the facts and law are fully set forth in the existing record, neither oral argument nor an evidentiary hearing would aid the decisional process.[1] Accordingly, the matter is now ripe for disposition. For the reasons stated below,

---

[1] Importantly, § 2255(b) provides that a hearing is unnecessary where, as here, "the motion and

1

defendant's motion must be denied.

I.

According to defendant's sworn Statement of Facts submitted as part of his plea agreement, defendant is a native and citizen of El Salvador with no valid claim to United States citizenship or lawful status in the United States. On or about August 5, 2005, defendant was convicted in California of second degree robbery, in violation of California Penal Code § 211. Following a two-year sentence for committing the robbery, defendant was removed from the United States to El Salvador.

Following his removal from the United States, defendant again illegally reentered the United States. On this occasion, defendant was found in Herndon, Virginia and pled guilty to an indictment charging him with illegally reentering this country subsequent to an aggravated felony conviction, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Defendant was sentenced to a prison term of one year and a day. After serving this sentence, defendant again was removed to El Salvador on March 30, 2011.

After this removal—his second—defendant once again illegally reentered the United States. This time, defendant was arrested in Loudoun County, Virginia for giving false information to law enforcement, in violation of Virginia Code § 19.2-82.1. On October 23, 2014, defendant pled guilty to and was convicted of that offense, and defendant was subsequently transferred to federal immigration authorities on October 27, 2014. Defendant was charged a second time of illegally reentering this country subsequent to an aggravated felony conviction, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). On January 15, 2015, defendant pled guilty to this

---

the files of the case conclusively show that the prisoner is entitled to no relief[.]"

2

count and, on April 17, 2015, received a sentence of 30 months' imprisonment and a supervised release term of three years.

To adjudge defendant's proper sentence, the Court referenced, in part, a Presentence Investigation Report ("PSIR") and the relevant Sentencing Guideline, § 2L1.2(b)(1)(A)(ii). Section 2L1.2(b)(1)(A)(ii) provides for a base offense level enhancement if defendant "previously was deported ... after ... a crime of violence."[2] Specifically, the PSIR reflected that defendant's base offense level was 8, which was enhanced 16 levels pursuant to § 2L1.2(b)(1)(A)(ii) based on defendant's conviction for second degree robbery. The PSIR also reflected a three-level reduction for defendant's acceptance of responsibility; as a result, the PSIR determined that defendant's adjusted offense level was 21, and the Guidelines range was 57-71 months' imprisonment. Thus, defendant's sentence of 30 months' imprisonment was a variance from the Guidelines range. Defendant's conviction and sentence became final that same day, April 17, 2015.

On June 26, 2015, approximately six months after defendant's sentence was imposed, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), addressing the definition of "violent felony" in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Specifically, the Supreme Court in *Johnson* held that the ACCA "residual clause" in § 924(e)(2)(B)(ii) defining a "violent felony" as including an offense that "otherwise

---

[2] The Guideline's Application Note (B)(iii) defines a "crime of violence" as

> any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses . . ., statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

2L1.2(b)(1)(A)(ii) app. n. B(iii).

3

involves conduct that presents a serious potential risk of physical injury to another" is unconstitutionally vague, and therefore that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. Thereafter, on April 18, 2016, the Supreme Court held that *Johnson* announced a new "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

On June 27, 2016, more than a year after his judgment of conviction and sentence became final, defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed on him for his conviction pursuant to §§ 1326(a) & (b)(2) on the ground that the Supreme Court's decision in *Johnson* operates to invalidate his sentencing enhancement.[3] Specifically, defendant contends that his 16-level enhancement pursuant to § 2L1.2(b)(1)(A)(ii) is infirm because *Johnson*'s reasoning with respect to the ACCA residual clause renders invalid § 2L1.2(b)(1)(A)(ii)'s definition of a "crime of violence."

On July 15, 2016, the government filed a response, contending that defendant's § 2255 motion is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2255(f). The government further argued that *Johnson* has no application to defendant's case, because whereas *Johnson* invalidated the ACCA residual clause, § 2L1.2(b)(1)(A)(ii) has no such residual clause.

---

[3] Although defendant's motion was docketed in the District Court on June 30, 2016, defendant has certified under penalty of perjury that he placed his § 2255 motion in the prison mail system on June 27, 2016. Thus, the operative date of the the motion's filing is June 27, 2016. *See Houston v. Lack*, 487 U.S. 266 (1988). Importantly, June 27, 2016, it is considered to be within one year of the Supreme Court's June 26, 2015 decision in *Johnson* because the one-year anniversary of that decision occurred on a weekend; June 27, 2016 was the first Monday after that weekend.

Moreover, the government contended that defendant's predicate robbery conviction constitutes "robbery" or "extortion" as enumerated in § 2L1.2(b)(1)(A)(ii), and thus defendant's conviction would not rely on a residual clause even if one were present in the Guideline.

## II.

Defendant's § 2255 motion is both untimely and meritless. Put simply, *Johnson* has no application to defendant's conviction or sentencing. The Supreme Court's holding in *Johnson* was limited to the ACCA residual clause and did not address the U.S.S.G., let alone § 2L1.2's definition of a "crime of violence." *Johnson*, 135 S. Ct. at 2563. Furthermore, *Johnson* is inapposite here because § 2L1.2(b)(1)(A)(ii) does not contain a residual clause; rather, defendant's predicate offense for the 16-level enhancement—second degree robbery in violation of California Penal Code § 211—is categorically a "crime of violence" pursuant to § 2L1.2. *See, e.g., United States v. Castillo*, 811 F.3d 342 (10th Cir. 2015) (§ 211 robbery constitutes "robbery" as enumerated in U.S.S.G. § 2L1.2); *United States v. Dixon*, 805 F.3d 1193, 1196 (9th Cir. 2015) ("[Section] 211 is categorically a 'crime of violence' under U.S.S.G. § 2L1.2 because, in all its applications . . . § 211 always constitutes either generic robbery or generic extortion, both of which are included in U.S.S.G. § 2L1.2's definition of 'crime of violence.'" (citing *United States v. Flores-Mejia*, 687 F.3d 1213, 1215–16 (9th Cir. 2012) and *United States v. Becerril-Lopez*, 541 F.3d 881, 892–93 (9th Cir. 2008))).

## III.

Accordingly, defendant's § 2255 motion must be denied because that motion is untimely and meritless.

An appropriate Order will issue.

Alexandria, Virginia
September 28, 2016

/s/
T. S. Ellis, III
United States District Judge

5